**Syed Moshin Raza NAQVI, Petitioner**

v.

**ATTORNEY GENERAL OF THE UNITED STATES, Respondent.**

No. 05–2924.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 July 14, 2005.

Decided July 29, 2005.

Syed Mohsin Raza Naqvi, Brooklyn, NY, pro se.

Michael J. Butler, Office of United States Attorney, Harrisburg, PA, for Respondent.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Syed Naqvi petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his requests for asylum, withholding of removal and relief under the Convention Against Torture. We will deny the petition for review.

Naqvi is a native and citizen of Pakistan. In his immigration proceedings, he conceded his removability, and claimed persecution based upon his religion. In November 2002, the Immigration Judge ("IJ")

found Naqvi not credible, and denied his applications for asylum, withholding of removal and relief under the Convention Against Torture. In March 2003, the BIA affirmed the IJ's decision.[1] Naqvi filed a petition for review of the BIA's order, which this Court denied on June 30, 2004 in C.A. No. 03–2026.

In July 2004, Naqvi filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He was removed on or about February 1, 2005. In June 2005, the District Court granted the Government's motion to transfer Naqvi's habeas petition to this Court pursuant to the Real ID Act of 2005, Pub. Law No. 109–13, to be treated as a petition for review.

A court may review a final order of removal only if "another court has not decided the validity of that order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order." 8 U.S.C. § 1252(d)(2). We upheld the validity of the final order of removal when we denied Naqvi's petition for review. Naqvi had argued that the IJ's adverse credibility determination was not based on substantial evidence, that he did not have a fair and reasonable opportunity to present evidence, and that the IJ improperly denied his claim under the Torture Convention. In his habeas petition, Naqvi again argues that he was denied a fair hearing and his right to submit evidence, and that he met his burden of proof on his claims for relief from removal. Naqvi's claims have already been decided or could have been presented in the prior judicial proceeding. We are precluded by statute from revisiting them.

Accordingly, we will deny the petition for review.[2]

---

1. The BIA did not join the IJ's determination that Naqvi's asylum application is frivolous.

2. Naqvi's motion for appointment of counsel is denied.